IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIAN GONZALEZ-GARDEA and PEDRO ADOLFO ROBLES,<br><br>Defendants. | 8:20CR114<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on individual motions to suppress (Filing Nos. 35 and 38) filed respectively by defendants Pedro Adolfo Robles ("Robles") and Christian Gonzalez-Gardea ("Gonzalez-Gardea"). Both seek to suppress evidence obtained as a result of two separate traffic stops on January 29, 2020, in Seward County, Nebraska.

On September 25, 2020, the magistrate judge[1] held a joint evidentiary hearing on the pending motions to suppress. On November 16, 2020, she issued her Findings and Recommendation (Filing No. 72) pursuant to 28 U.S.C. § 636(b)(1), recommending Robles's motion be denied in its entirety and Gonzalez-Gardea's motion be granted in part and denied in part. More specifically, she recommends the Court suppress "any statements [Gonzalez-Gardea] made after [Sergeant Kevin] Beattie left the patrol car to speak with [Stephanie] Davis" until the time Sherriff Michael Vance gave Gonzalez-Gardea the warnings required by *Miranda v. Arizona*, 384 U.S. 436 (1966).

In making her recommendation, the magistrate judge advised the parties that they had fourteen days to object and that any untimely objection could be waived. *See* NECrimR 59.2(a). Section 636(b)(1) requires the Court to "make a de novo review of . . .

---

[1]The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

specified proposed findings or recommendations to which objection is made." The Court can then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *accord* Fed. R. Crim. P. 59(b)(3).

Absent a timely objection, however, further review is unnecessary. *See Peretz v. United States*, 501 U.S. 923, 939 (1991); *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 619-20 (8th Cir. 2009) ("[T]he failure to file objections eliminates not only the need for de novo review, but *any* review by the district court."); *see also* Fed. R. Crim. P. 59 (a) and (b)(2) (explaining the failure to timely object waives the right to review); NECrimR 59.2(a) and (e).

Here, only Gonzalez-Gardea has objected (Filing No. 73) to the magistrate judge's findings and recommendation, and he raises just two specific objections.[2] Gonzalez-Gardea objects to (1) "the holding the defendants [sic] statements at a mechanic shop should not be suppressed after the defendant was taken into custody, driven several miles to another location, and interviewed" and (2) "[t]he holding that the officers were not trying to circumvent *Miranda* through roadside questioning when there was no evidence offered by the government to indicate the officers were not trying to circumvent *Miranda*."

In support, Gonzalez-Gardea relies on *United States v. Ollie*, 442 F.3d 1135, 1142 (8th Cir. 2006), in which the Eighth Circuit concluded Justice Kennedy's controlling concurrence in *Missouri v. Seibert*, 542 U.S. 600, 621-22 (2004) (Kennedy, J., concurring in the judgment), requires the suppression of "post-warning statements . . . where the police intentionally use[] [a] two-step interrogation technique to render *Miranda* warnings ineffective" unless they take sufficient "curative measures." Gonzalez-Gardea asks the Court to suppress "the statements given by Gonzalez-Gardea at the shop when being questioned by Sheriff Vance."

---

[2]Any other objections are deemed waived without further review.

After careful de novo review of the parties' submissions and the balance of the record in this case, the Court finds no error in the magistrate judge's conclusions. As the magistrate judge noted, Gonzalez-Gardea did not make any incriminating statements or "admissions at the scene of the traffic stop used to illicit a later admission." The same was true during transport. *See Bobby v. Dixon*, 565 U.S. 23, 31 (2011) ("[T]here is no concern here that police gave [the defendant] *Miranda* warnings and then led him to repeat an earlier murder confession, because there was no earlier confession to repeat."). Indeed, in his brief in support of his objections, Gonzalez-Gardea focuses on the questions he was asked before being Mirandized, not any answer he gave or admission he made. Gonzalez-Gardea does not cite any authority for broadly applying *Seibert* or *Ollie* in such a situation.

To the contrary, the decision in *Seibert* was a reaction to a concerted effort by some police officers to manipulate the holding in *Oregon v. Elstad*, 470 U.S. 298, 318 (1985), "that a suspect who has once responded to unwarned yet uncoercive questioning is not thereby disabled from waiving his rights and confessing after he has been given the requisite *Miranda* warnings."

> In response to *Elstad*, some police officers began to conduct "question-first" interrogations, where officers would intentionally refrain from giving the *Miranda* warnings to suspects in custody. Once the police elicited a confession (which they knew to be inadmissible), they would then give the warnings. The suspect would generally confess again. If those confessions were then challenged, courts relying on *Elstad* would often uphold their admissibility.

*Ollie*, 442 F.3d at 1141 (citing *Seibert*, 542 U.S. at 609-611). That practice led the *Seibert* Court to reconsider "the permissibility of a two-step interrogation technique." *Id.* As noted above, under Justice Kennedy's controlling concurrence in *Seibert*, "[w]hen an interrogator uses this deliberate, two-step strategy, predicated upon violating *Miranda* during an extended interview, postwarning statements that are related to the substance of prewarning statements must be excluded absent specific, curative steps." *Seibert*, 542 U.S. at 621 (Kennedy, J., concurring in the judgment).

3

Given the totality of the circumstances in this case, the Court does not agree with Gonzalez-Gardea that his post-*Miranda* statements to Sheriff Vance must be suppressed as part of a deliberate attempt to circumvent *Miranda*. "[T]he key to *Seibert* is whether the police officer's technique was a 'designed,' 'deliberate,' 'intentional,' or 'calculated' circumvention of *Miranda*." *United States v. Black Bear*, 422 F.3d 658, 664 (8th Cir. 2005). "In this case, no two-step interrogation technique of the type that concerned the [Supreme] Court in *Seibert* undermined the *Miranda* warnings [Gonzalez-Gardea] received." *Bobby*, 565 U.S. at 31; *see also United States v. Hernandez-Hernandez*, 384 F.3d 562, 566 (8th Cir. 2004) (declining to apply *Seibert* in the absence of an intentional withholding of *Miranda* warnings as part of a nefarious plot).

Based on the foregoing,

IT IS ORDERED:

1. Defendant Christian Gonzalez-Gardea's Objections (Filing No. 73) are overruled.
2. The Findings and Recommendation (Filing No. 72) are accepted in their entirety.
3. Gonzalez-Gardea's Motion to Suppress (Filing No. 38) is granted in part and denied in part as set forth in the Findings and Recommendation.
4. Defendant Pedro Adolfo Robles's Motion to Suppress (Filing Nos. 35) is denied in its entirety.

Dated this 16th day of December 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge